USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/08/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON SMALLS,

                      Movant,

-against-

UNITED STATES OF AMERICA,

                      Respondent.

23-CV-0835 (VEC)

19-CR-0166 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Movant Leon Smalls ("Smalls"), currently incarcerated at USP-Canaan in Waymart, Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Smalls*, ECF 1:19-CR-0166, 210 (S.D.N.Y. Aug. 27, 2020). For the following reasons, the Court directs Smalls to file a declaration not later than **Monday, April 10, 2023**, showing cause why this motion should not be denied as time barred.

## BACKGROUND

Smalls challenges his August 27, 2020 judgment of conviction, in which he pleaded guilty to the use, possession, and brandishing of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See Smalls*, ECF 1:19-CR-0166, 210. Smalls did not appeal his conviction, which means it became final on September 10, 2020, when the 14-day period to file a notice of appeal expired. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Accordingly, the time to file this motion expired one year later, on September 10, 2021. Smalls filed his motion on January 8, 2023.[1]

---

[1] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). If a litigant does not include the date he delivered his documents to prison authorities, courts

## DISCUSSION

Smalls's application appears to be time barred. A federal prisoner seeking relief under § 2255 must file a motion within one year from the date when (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Smalls's conviction became final on September 10, 2020, but he did not file his motion until January 8, 2023, after the statute of limitations period had expired. Accordingly, the Court directs Smalls to show cause not later than **Monday, April 10, 2023**, why this motion should not be denied as time barred. Smalls should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

Smalls is directed to file a declaration not later than **Monday, April 10, 2023**, showing cause why the motion should not be denied as time barred. For Smalls's convenience, a declaration form is attached to this order. If Smalls files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If

---

generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006). ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Smalls indicated in his motion that he signed the motion on January 8, 2023, in the presence of a case manager at his correctional facility.

Smalls fails to comply with this order, the motion will be denied as time barred. No answer will be required at this time.

Because Smalls has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Smalls.

SO ORDERED.

Dated: February 8, 2023
       New York, New York

                                            _____
                                            VALERIE CAPRONI
                                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |